9757

HUGHES v. SOUTH CAROLINA LIGHT, POWER & RY. CO.
*ET AL.*

(93 S. E. 187.)

1. APPEAL AND ERROR—"APPEALABLE ORDER"—GRANTING NEW TRIAL.—
An order granting a new trial on the ground that there was no evi-
dence to support the verdict is an "appealable order."

2. NEW TRIAL—GROUNDS—INSUFFICIENT EVIDENCE.—Although the evi-
dence was conflicting, where the jury could infer therefrom that
defendants were guilty of wantonness or wilfulness, it was error
to set aside the verdict and grant a new trial on the ground that
there was no evidence thereof.

Before PEURIFOY, J., Spartanburg, November, 1916.
Reversed.

Action by Mrs. S. A. Hughes against the South Carolina
Light, Power & Railway Company and another. From an
order setting aside the verdict and granting new trial, plain-
tiff appeals.

*Messrs. Gwynn & Hannon,* for appellant, cite: *As to
ground for setting aside verdict:* 75 S. C. 326 and 517; 100
S. C. 283. *Issues:* 75 S. C. 293.

*Messrs. Sanders & DePass,* for respondent.

July 13, 1917.

The opinion of the Court was delivered by Mr. Justice Watts.

The appeal in this case involves but one point.    It is from an order of Judge Peurifoy granting a new trial *nisi.*    The ground that his Honor based his order on was: "The Court holds there was no evidence of wilfulness or wantonness."    He did not grant the order on any grounds that are within the Court's discretion, as, for instance, that the verdict rendered was not approved by the Court.    Had he done so, an appeal could not have been taken; but the order appealed from is a legal one, the Court holding that the verdict was entirely without evidence to support it.

We have studied the evidence with care, and have reached the conclusion that there is evidence to support the verdict, and that his Honor was correct in the first instance, when he refused the motion for a nonsuit and later for a directed verdict in favor of the defendant, and submitted the case to the jury, and that he was in error in setting aside the verdict and granting a new trial *nisi* on the grounds he based his order on.    A careful reading of the evidence establishes the fact that there was evidence on the issues involved, though conflicting, whereby the jury could draw the inference from all the evidence and circumstances in the case that there was a conscious advertent failure on the part of the defendants, its agents and servants, to observe due care.    As was said by the Supreme Court of our sister State of North Carolina in the case of *Ingle* v. *Light & Power Co.* (N. C.), 90 S. E. 953, and reaffirmed in *Smith* v. *Charlotte Electric Ry. Co.,* 92 S. E. 384:

"The motorman of a street car must be more diligent and careful for the safety of pedestrians than a locomotive engineer, * * * the locomotive has exclusive right of way, and is traveling on its own property, where, as a rule, pedestrians have no right to be, unless crossing a track, or by recognized custom are using the track with the implied per-

mission of the company, while the street railways are using the streets, to which the public have the same right."

Under the evidence in the case, more than one inference as to wantonness or wilfulness could be drawn, and that was a question for the jury to determine, and the jury found for the plaintiff, and gave a verdict for both actual and punitive damages.

· The exception is sustained, and judgment reversed.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.